JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00072 GAF (OPx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | JPMorgan Chase National Association v. Guy J Roney et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      **(In Chambers)**

## ORDER REMANDING CASE

### I.  INTRODUCTION AND BACKGROUND

        On December 5, 2011, Plaintiff JP Morgan Chase N.A. filed an unlawful detainer action against Defendants Guy J. Roney and Kathleen Joyce Roney in Riverside County Superior Court.  (Docket No. 1, Not., Ex. A [Compl.].)  The complaint alleges that Plaintiff purchased Defendants' real property in Telecula, CA at a lawful foreclosure sale on October 20, 2011, and that Defendants have refused to quit the premises.  (Id. at ¶¶ 5–6.)  Jeffrey Menish, a tenant at the property, intervened in the suit on January 3, 2011.  (Docket No. 1, Prejudgment Claim of Right to Possession.)

        Menish removed the action to this Court on January 13, 2012, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Not. ¶¶ 6–11.)  Because the Court concludes that the lawsuit does not arise under federal law, it **REMANDS** the case for lack of subject matter jurisdiction.

### II.  DISCUSSION

**A.  LEGAL STANDARD**

        Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00072 GAF (OPx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | JPMorgan Chase National Association v. Guy J Roney et al. | | |

that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

In his notice of removal, Menish contends that the Court has jurisdiction under 28 U.S.C. § 1441 because Plaintiff's complaint raises a federal question under the federal Protecting

JS - 6

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00072 GAF (OPx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | JPMorgan Chase National Association v. Guy J Roney et al. | | |

Tenants at Foreclosure Act, 12 U.S.C. § 5220. (Not. ¶¶ 6–12.) It is undisputed, however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009). Numerous courts, including this one, have rejected the assertion that the PTFA creates federal jurisdiction when used to defend against an unlawful detainer action. See, e.g., Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2-3 (C.D. Cal. Nov. 22, 2010); U.S. Bank Nat. Ass'n v. Chan, 2011 WL 5373778 (N.D. Cal. Nov. 4, 2011).

Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ( "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

### III.  CONCLUSION

Based on the foregoing, Menish has not established that federal subject matter jurisdiction exists. The Court therefore **REMANDS** this action to Riverside County Superior Court.

**IT IS SO ORDERED.**